IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:            )        CASE NO. BK07-81842
                             )
JEAN THOMAS AGENOR,          )        CH. 13
                             )
            Debtor.          )

## ORDER

Hearing was held in Omaha, Nebraska, on November 5, 2007, on a Motion for Relief from Stay filed by RTR Investments, LLC (Fil. #8), and a Resistance thereto filed by Debtor (Fil. #20). Bruce C. Barnhart appeared for Debtor, and John T. Turco appeared for RTR Investments, LLC ("RTR").

Debtor operates a business under the name "Physique Gym," in certain premises known as Suites 102-104 located at 11505 Ruggles Street, Omaha, Nebraska. Debtor leases the premises from RTR. Prior to bankruptcy filing, Debtor failed to pay rent as prescribed in the lease for the months of June, July, August, and September 2007, in the total amount of $25,773.00. Further, at the time of bankruptcy filing, Debtor owed late charges in the amount of $1,154.82. Since bankruptcy filing, the October and November 2007 rent payments have accrued, but Debtor has failed to pay the same. At the hearing, Debtor's counsel indicated that Debtor had sufficient funds to pay rent for one month post-petition, but did not have enough to pay both months. Debtor has not yet filed a plan and has not formally indicated his intent to assume or reject the lease. However, it is clear that Debtor hopes to assume the lease as indicated by his resistance to the motion for relief from stay.

RTR seeks relief from the automatic stay in order to proceed with its state court remedies to obtain possession of the premises. Specifically, RTR asserts that Debtor's default (pre-petition and post-petition) under the lease, and Debtor's failure to cure or provide adequate assurance of prompt cure of such default pursuant to 11 U.S.C. § 365(b)(1)(A), constitutes cause for relief from stay pursuant to 11 U.S.C. § 362(d)(1).

At the hearing, counsel for Debtor requested an 18-month period to cure the pre-petition lease delinquency and part of the post-petition lease delinquency. RTR argued that an 18-month cure period is not sufficient to constitute a prompt cure under 11 U.S.C. § 365(b)(1)(A). However, this Court need not reach that issue. Under 11 U.S.C. § 365(d)(3), Debtor is obligated to timely perform all post-petition obligations under any unexpired lease of nonresidential real property until such time as the lease is assumed or rejected. Debtor admits that he has not paid any rent post-petition. Debtor's counsel indicated he believes that Debtor can pay one of the post-petition payments, but that he needs to include the other post-petition payment in a cure over a period of 18 months. Under 11 U.S.C. § 365(d)(3), Debtor's time for performance of his lease obligations arising in the first 60 days post-petition under an unexpired lease of nonresidential real property cannot be extended beyond such first 60 days after filing.

   THEREFORE, IT IS ORDERED that the Motion for Relief from Stay filed by RTR (Fil. #8) is granted. RTR's request that this Court waive the 10-day stay set out in Bankruptcy Rule 4001(a)(3) is denied.

   DATED: November 6, 2007.

               BY THE COURT:

                /s/ Thomas L. Saladino
               United States Bankruptcy Judge

Notice given by the Court to:
  Bruce C. Barnhart
  *John T. Turco
  Kathleen Laughlin
  U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.